**Charlene D. EHLL, Respondent,**

v.

**Joseph K. WELPLY, Appellant.**

**No. ED 76127.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 21, 2000.

Michael P. Cohan, Cordell & Cordell, St. Louis, for Appellant.

Susan M. Hais, Philip E. Adams, Hais & Carmody, P.C., Clayton, for Respondent.

Before LAWRENCE E. MOONEY, P.J. and PAUL J. SIMON and SHERRI B. SULLIVAN, JJ.

### *ORDER*

PER CURIAM.

Joseph Welply (Husband) appeals the judgment of dissolution of his marriage to Charlene Ehll (Wife) entered by the Circuit Court of St. Charles County.

On appeal, Husband contends the trial court erred by: (1) awarding sole legal custody of the child to Wife and failing to award joint legal custody because the award was not supported by substantial evidence, was against the weight of the evidence, and erroneously applied the law; (2) failing to award sole physical custody of the child to Husband because the award was not supported by the evidence, was against the weight of the evidence, and erroneously applied the law in that an analysis of specific custody factors under Section 452.375.2(1) through (8) RSMo 1994 would have shown that it is in the child's best interest to be in Husband's sole physical custody, or, in the alternative, the trial court erred in limiting Husband's temporary custody of the child to a schedule which did not include overnight visits during the week because the schedule violates Section 452.375.4 RSMo 1994 requiring both parents have frequent, continuing, and meaningful contact with their children and there was no credible evidence to limit Husband's temporary physical custody to less than a standard schedule; (3) awarding Wife $94,794.80 as and for her half of the marital property because the award was not supported by substantial evidence, was against the weight of the evidence, and erroneously applied the law in that Husband proved that other than the $68,635.00 in his savings and investment plan, all of the other value was his nonmarital property; and (4) ordering Hus-

band to pay all outstanding guardian ad litem fees because the court should have directed Wife to pay part of the fees in that Husband had already paid part of the fees and Wife was in an equal financial position to pay the outstanding fees and Wife's actions necessitated the fees.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).